On Motion to Dismiss.
The opinion of the court was delivered by
Manninu, C. J.
The appellee moves to dismiss for the reason, “that there is no statement of facts to be found in the rhcord of the testimony adduced at the trial, and shewn to have been offered, nor any assignment of error, nor any bill of exception,” and for the further reason that the certificate of the Justice of tho Peace does not state that the record contains all the testimony adduced.
The first ground stated would be unintelligible, but for our being able to divine its meaning from having seen the same phraseology in many of the transcripts filed here. The ground is, that there is no statement of facts of the testimony. This is a solecism. The only occasions when a statement of facts has a place in a record is when none of the testimony is in it. If the testimony is taken down in writing, (and that practice obtains universally in our courts now), it may and does serve in the stead of a statement of facts. Code of Practice, art. 601.
If the testimony has not been taken down in writing, then and then, only, the parties or their advocates must jointly draw a statement of the facts proved, and if they can not or will not do it, the judge must make the statement. Mem, arts. 602-3.
There are four modes by which this Court can review a case on appeal. 1. When the testimony has been reduced to writing, and is contained in tho record. 2. In the absence of the testimony, when a statement of facts has been made by the parties, or their counsel, or by the judge. 3. When there is a written exception to the opinion of the judge. 4 When a special verdict has been rendered. Idem, art. 896.
Most of the transcripts filed here call the note of evidence, ‘statement of facts’. How such a misnomer was ever made may serve for the speculation of the curious, but it is -apparent that tho mover here has *1093 made the same mistake, and that he means' to say by way of objection that there is no note of the evidence that was introduced to be found in the record.
The appeal is from a Justice’s court. There is no provision for taking down the testimony in writing in a justice’s court. He has no clerk; and the pleadings are oral. " The parties there, as in the higher courts, can agree upon a statement of facts, and it is their duty to do so. The justice is required to transmit the statement of facts thus agreed on to the appellate court. Idem, art. 1135.
We are satisfied none was made or agreed on in this instance, because the face of the papers sufficiently present the issue.
The motion is denied.